UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| Chanel Rhoads-Reed, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>– against–<br><br><br>Toyota Motor Sales, U.SA., Inc., d/b/a Koons Lexus, John Does 1-99,<br><br>Defendant(s). | Civil Action No.<br><br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Chanel Rhoads-Reed (hereinafter "Plaintiff"), by and through Plaintiff's attorneys, Garibian Law Offices, P.C., by way of Complaint against Defendant, Toyota Motor Sales, U.S.A., Inc., d/b/a Koons Lexus of Wilmington ("Defendant" or "Koons Lexus"), alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA").

## PARTIES

2. Plaintiff is an adult citizen of Delaware.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

1

4. Defendant, Toyota Motor Sales, U.S.A., Inc. ("Koons Lexus") is a California corporation that does business as "Koons Lexus of Wilmington" at 2100 Pennsylvania Ave., Wilmington, DE 19806.

5. Upon information and belief, John Does 1-99 are individuals and/or corporate entities, the names and addresses of whom are unknown, who are also responsible for the conduct and actions set forth in this Complaint and acted in conjunction and in concert with Defendant.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

7. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 over any state law claims.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the state of Delaware.

## FACTUAL ALLEGATIONS

9. On December 3, 2020, Plaintiff was at Koons Lexus in Wilmington, DE, for the purpose of potentially purchasing an automobile.

10. During this process, Plaintiff repeatedly informed the representatives of Koons Lexus that she did not desire or wish to obtain, apply for or pursue any financing through

Koons Lexus. Plaintiff further stated that she did not want or authorize Koons Lexus to pull her credit report and make an inquiry on Plaintiff's consumer credit.

11. Despite Plaintiff's clear instructions that she did not want Koons Lexus to pull her credit report or make any inquiries on her credit, Koons Lexus's employees repeatedly attempted to obtain information from Plaintiff under false pretenses for the purpose of making an inquiry on her credit and in order to acquire Plaintiff's credit report without Plaintiff's knowledge, consent or authorization.

12. At no point and at no time did Plaintiff *ever* provide her social security number to Koons Lexus (hereinafter, "Defendant").

13. In fact, while Plaintiff was present at Koons Lexus, Defendant utilized a fabricated social security number of "111-11-111" in order to make an unauthorized inquiry and in order to obtain Plaintiff's consumer credit report.

14. At no time did Defendant obtain authorization, let alone written authorization, from Plaintiff for Defendant to access or make an inquiry on Plaintiff's consumer credit report. In fact, Plaintiff specifically instructed Defendant that she *did not* want Koons Lexus to pull her credit report or make any inquiries on her credit.

15. Defendant had no reason to believe that Plaintiff had authorized Defendant to access Plaintiff's consumer credit report or make an inquiry on Plaintiff's credit. In fact, Plaintiff specifically instructed Defendant that she *did not* want Koons Lexus to pull her credit report or make any inquiries on her credit.

16. After obtaining Plaintiff's consumer credit report without Plaintiff's permission or authorization, Defendant's employees refused to let Plaintiff see *her own* consumer

credit report. When Plaintiff requested to see the report, Defendant attempted to only show Plaintiff her consumer credit score.

17. Finally, Defendant allowed Plaintiff to have copy of the credit report Defendant's had impermissibly obtained.

18. Defendant's employees then told Plaintiff that she could not leave the Defendant's premises with *her own consumer credit report*, under the baseless premise that she was not employed by Defendant's finance department – and attempted to prevent her from leaving Koons Lexus with a copy of her own credit report.

19. Plaintiff stated to Defendant's employees that if they did not allow her to leave with her consumer credit report, that she would call the police.

20. Thereafter, Defendant's employees finally relented and allowed Plaintiff to leave Koons Lexus with a copy of her consumer credit report, which they had obtained without Plaintiff's permission or authorization.

21. Subsequently, Plaintiff received a confirmation email from Koons Lexus thanking her for her financial loan application – *even though Plaintiff had never applied for a loan from Koons Lexus*.

22. Koons Lexus obtained Plaintiffs' consumer credit report and made an inquiry on her credit without Plaintiff's consent or authorization and without a permissible purpose.

23. Koons Lexus did so against Plaintiff's express instructions to *not* pull her consumer credit report or make any inquiries on her consumer credit report.

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## CLAIM FOR RELIEF

24. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

25. Plaintiff alleges this count on behalf of Plaintiff and on behalf of the members of the class defined below.

26. Under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. 1681b, it is permissible to obtain or use a consumer report only with the consumer's written consent or for a permissible purpose.

27. Defendant did not have Plaintiff's written consent to access Plaintiff's consumer report.

28. Defendant lacked a permissible purpose for accessing Plaintiff's consumer report.

29. Defendant's access of Plaintiff's consumer credit report without Plaintiff's consent for the purposes of determining if Plaintiff qualified for financing that she made clear she did not want *did not* constitute a permissible purpose for Defendant to access Plaintiff's consumer report or make any inquiries on Plaintiff's credit.

30. Defendant has obtained, used, and made inquiries on the consumer report of Plaintiff and a large number of other consumers in the same manner.

31. By engaging in the aforementioned conduct, Defendant has violated the FCRA.

32. Defendant's violations of the FCRA were negligent and willful.

33. The false inquiry and obtaining of Plaintiff's consumer credit report under false pretenses negatively affected Plaintiff's credit score, and thus negatively affected her credit scores affiliated with said credit reports.

**WHEREFORE**, as to Count I, Plaintiff demands that judgment be entered against Defendant as follows:

1. That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendant for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

## **COUNT II**

## **VIOLATION OF THE CONSUMER FRAUD ACT**

### **(6 DEL. C. § 2511, ET SEQ.)**

34. Plaintiff re-alleges all of the foregoing paragraphs as it fully set forth herein.

35. Plaintiff alleges this count on behalf of Plaintiff and on behalf of the members of the class defined below.

36. The purpose of the Delaware Consumer Fraud Act, (Del. Code Ann. tit. 6, § 2511 et seq.), is to protect consumers from unfair or deceptive merchandising practices in the conduct of any trade or commerce in part or wholly within the state.

37. To uphold a claim under the Delaware Consumer Fraud Act, a plaintiff must first demonstrate standing in accordance with the statute by establishing that some conduct took place in Delaware.

38. Defendant's conduct herein occurred in Delaware.

39. Defendant used concealment, suppression and misrepresentation in order to obtain Plaintiff's credit report and make an inquiry on Plaintiff's credit report.

40. By accessing Plaintiff's consumer credit report without Plaintiff's authorization or consent and by utilizing a fake social security number for the purposes of determining if Plaintiff qualified for financing that she made clear she did not want, Defendant violated the Delaware Consumer Fraud Act.

41. Defendant's conduct was made with the intent to induce Plaintiff obtain financing from Defendant.

42. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.

43. The false inquiry and obtaining of Plaintiff's consumer credit report under false pretenses negatively affected Plaintiff's credit score, and thus negatively affected her credit scores affiliated with said credit reports.

44. Defendant's conduct involved a breach of trust and/or confidence and with a reckless indifference to the consequences of the conduct with respect to Plaintiff.

    **WHEREFORE**, as to Count II, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant pursuant to the Delaware Consumer Fraud Act, as follows:

1. That an injunction be granted against Defendant prohibiting Defendant from continuing to engage in the conduct complained of herein pursuant to 6 Del. C. § 2533(a);

2. That judgment be entered in the amount for attorneys' fees and costs pursuant to 6 Del. C. § 2533(b);

3. That judgment be entered for treble damages pursuant to 6 Del. C. § 2533(c);

4. That judgment be entered in the amount of $10,000.00 per violation of each and every instance where Defendant violated the Delaware Consumer Fraud Act pursuant to 6 Del. C. § 2533(e);

5. That judgment be entered for compensatory damages;

6. That judgment be entered for punitive damages;

7. That judgment be entered for attorneys' fees and costs;

8. That judgment be entered for pre- and post-judgment interest.

9. That the Court grant such further and other relief in its favor as this Court deems proper and just.

## CLASS ALLEGATIONS

5. Plaintiff also brings Counts I and II on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

6. The class ("Class") consists of all persons whose consumer credit reports Defendant has accessed or made inquiries upon without written permission/authorization or a permissible purpose, within two years preceding the filing of this action.

7. Defendant has engaged in identical improper and illegal conduct with respect to the Class members.

8. Defendant has continuously and repeatedly violated the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq. and the Delaware Consumer Fraud Act by accessing consumer credit reports of persons without authorization, by making credit inquiries without authorization.

9. Defendant accessed consumer credit reports without written consent or authorization from these persons or a permissible purpose to access their consumer credit reports or make credit inquiries.

10. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

11. The identities of all Class members are readily ascertainable from the records of Defendant.

12. Excluded from the Class are Defendant and all officers, members, partners, managers, directors and employees of Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

13. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members.

14. The predominant common question is whether obtaining a consumer credit report without the knowledge, authorization or written permission or for a permissible purpose violates the FCRA or the Delaware statutes identified herein.

15. Plaintiff, like all members of the class, has been damaged by the Defendant's unauthorized and impermissible obtaining of Plaintiff's credit reports.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class members defined above are so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members.

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of the Defendant's course of conduct complained of herein.

    d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor Plaintiff's counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

  **WHEREFORE,** Plaintiff demands judgment against Defendant as to Counts I and II herein as follows:

  (a) Awarding Plaintiff and the Class statutory damages;

  (b) Awarding Plaintiff and the Class actual damages;

  (c) Awarding Plaintiff and the Class costs of this Action, including reasonable attorneys' fees and expenses;

  (d) Awarding pre-judgment interest and post-judgment interest; and

  (e) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

> Respectfully Submitted,
>
> **GARIBIAN LAW OFFICES, P.C.**
>
> /s/ Antranig Garibian
> Antranig Garibian, Esquire (Bar No. 4962)
> 1010 N. Bancroft Parkway, Suite 22
> Wilmington, DE 19805
> (302) 722-6885
> ag@garibianlaw.com
> *Counsel for Plaintiff*